IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KELLY GARCIA, ALICIA OTTO,
TAMI ANTHONY, RANDY BLAKLEY,
NEIL LOBATO, and JESUS BENAVIDES,

Plaintiffs,

v. 1:25-cv-01282-KWR-JMR

AZTEC MHC, LLC, *et al.*,

Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel. Doc. 37. Defendants Aztec MHC, LLC and Capital Communities PM, LLC filed a response. Doc. 43. Plaintiffs filed a reply. Doc. 47. Having reviewed the briefing and the relevant law, the motion is hereby GRANTED.

Defendants' updated discovery responses are due **October 2, 2026**. Plaintiffs are awarded their reasonable fees associated with bringing their motion. Plaintiffs' petition for fees and accompanying affidavit are also due **October 2, 2026**. Defendants' objections to the reasonableness, not the award, of the fees, if any, are due fourteen days after the petition is filed.

## I. Background

Plaintiffs served Defendants with their First Set of Interrogatories and Requests for Production on March 6, 2026. Doc. 37 at 1. Defendants' responses were due April 6, 2026. *Id.* But they failed to provide their responses by that date.

On April 14, 2026, Defendants requested that Plaintiffs allow Defendants to serve their responses by April 28, 2026. *Id.* at 2. Though the original deadline had already expired, Plaintiffs

agreed. *Id.* Defendants yet again failed to provide their responses by their own requested new deadline.

On April 30, 2026, Plaintiffs' counsel sent a letter to Defendants' counsel stating: "If we do not receive discovery responses by May 4, 2026, we will have no choice but to file a motion to compel discovery and to seek attorney fees and all available remedies." Doc. 37-4 at 2. Defendants did not provide the response by May 4, 2026.

Thus, on May 6, 2026, Plaintiffs filed the subject Motion to Compel. Doc. 37. Eventually, on May 13, 2026, Defendants served responses to Plaintiffs' First Set Requests for Production of Documents. Doc. 43 at 1. And on May 15, 2026, Defendants served responses to Plaintiffs' First Set of Interrogatories. *Id.*

## II. Discussion

Plaintiffs request that the Court order Defendants to (1) "serve substantive responses without any objections" and (2) "pay Plaintiffs' reasonable attorney fees and costs in preparing and prosecuting this Motion." Doc. 37 at 4. Defendants oppose both requests. Doc. 43. The Court finds that Defendants have waived objections to Plaintiffs' First Set of Interrogatories and Requests for Production. The Court further orders Defendants to pay Plaintiffs' reasonable expenses incurred in making this motion, including attorney's fees.

### A. Defendants have waived objections to Plaintiffs' First Set of Interrogatories and Requests for Production.

Plaintiffs argue that Defendants have waived their right to object to the relevant discovery requests. Doc. 37 at 4; Doc. 47 at 5–6. Defendants failed to respond to this argument. *See Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1168 n.6 (D.N.M. 2021) ("[F]ailure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument.") (citing D.N.M.LR-Civ. 7.1(b)). The Court agrees with Plaintiffs.

The power to compel discovery responses is derived from Federal Rule of Civil Procedure 37(a). FED. R. CIV. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). The Court may compel a party to respond to discovery when "a party fails to answer an interrogatory submitted under Rule 33" or when "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For interrogatories, the failure to object in a timely manner constitutes waiver of objections. FED. R. CIV. P. 33(b)(4). "While Rule 34 [Requests for Production] does not contain an explicit provision stating that failure to serve timely objections to requests for production results in a waiver of those objections, courts have held that such a waiver is implied." *Brunson v. McCorkle*, No. 11CV1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) (string citation omitted).

Defendants missed their deadline to respond to Plaintiffs' discovery requests three separate times. Indeed, Defendants did not respond to the requests until Plaintiffs filed this motion to compel. The law clearly states that failure to serve timely objections results in waiver of those objections. *See* FED. R. CIV. P. 33(b)(4); *Brunson*, 2013 WL 12333491, at *1. Therefore, Defendants have waived any objections to the subject discovery.

Because this order does not address Plaintiffs' individual discovery instruments, the Court is willing to entertain a motion for a protective order based on attorney-client privilege, the work-product doctrine, or a true undue burden to the Defendants. Such a motion must be narrowly tailored to specific discovery instruments.

Defendants are compelled to provide updated discovery responses by **October 2, 2026**. *See* FED. R. CIV. P. 37(a)(3)(B). The parties may agree to extend this deadline via stipulation.

**B. Defendants must pay Plaintiffs' reasonable attorney's fees and costs.**

Plaintiffs ask that the Court order Defendants to pay "Plaintiffs' reasonable attorney fees and costs in preparing and prosecuting this Motion." Doc. 37 at 4. Defendants argue that the Court should not award fees because their delay in responding was "substantially justified." Doc. 43 at 1–3. The Court finds that Defendants' failure to respond was not substantially justified, and thus, Plaintiffs are entitled to a fee award.

When a motion to compel discovery is granted, or discovery is provided after the motion is filed, the Court "must" order the party "whose conduct necessitated the motion" to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, the Court may not award fees when "the opposing party's nondisclosure, response, or objection was substantially justified." FED. R. CIV. P. 37(a)(5)(A)(ii). An action is "substantially justified" if there is a "genuine dispute," or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations and brackets omitted).

Plaintiff is entitled to fees for two independent reasons. First, Defendants did not provide the requested discovery despite multiple deadline extensions and only after the subject motion was filed. *See* FED. R. CIV. P. 37(a)(5)(A). Second, the Court is granting the Motion to Compel. *See id.*

Defendants' nondisclosure was not "substantially justified." *See* FED. R. CIV. P. 37(a)(5)(A)(ii). Defendants argue that there was only a "fifteen (15) to seventeen (17) day delay" in responding to Plaintiffs' discovery requests. Doc. 43 at 1. While this moderate delay alone could still justify a fee award, Defendants also ignore their previous failure to comply with the April 6, 2026, response deadline and Plaintiffs' later unprompted offer to wait until May 4, 2026,

for Defendants' responses. Defendants argue that this delay was "justified" because they "spent considerable time reviewing their files and issuing public records requests to the City of Aztec to locate documents responsive to the Plaintiffs' requests." Doc. 43 at 2. This argument explains why there may have been good cause for Defendants to request more time to respond to the discovery requests—but the argument does not explain why Defendants failed to make such a request or even communicate with Plaintiffs as to why they failed to respond. The Court agrees with Plaintiffs that "[a] reasonable person would not find this behavior justifiable or acceptable." Doc. 47 at 3; *see also Pierce*, 487 U.S. at 565. Neither party claims that there was a "genuine dispute" that prevented Defendants from answering the discovery requests. *See Pierce*, 487 U.S. at 565. As such, Defendants failed to show that their failure to respond was "substantially justified." *See* FED. R. CIV. P. 37(a)(5)(A)(ii).

For these reasons, Plaintiffs are entitled to attorney's fees and costs. *See* FED. R. CIV. P. 37(a)(5)(A). Plaintiffs' petition for fees and accompanying affidavit are due **October 2, 2026**. Defendants' objections to the reasonableness, not the award, of the fees, if any, are due fourteen days after the petition is served.

## III. Conclusion

Plaintiffs' Motion to Compel (Doc. 37) is hereby granted. Defendants' objections to Plaintiffs' First Set of Interrogatories and Requests for Production are waived. Defendants' updated discovery responses are due October 2, 2026. Defendants are ordered to pay Plaintiffs' reasonable expenses incurred in making this motion. Plaintiffs' petition for attorney's fees and accompanying affidavit are due October 2, 2026. Defendants' objections to the reasonableness, not the award, of the fees, if any, are due fourteen days after the petition is served.

JENNIFER M. ROZZONI
United States Magistrate Judge